UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WANDA J. DURYEA,

                      Plaintiff,

-against-

STATE OF NEW YORK; STATE TROOPER
TIMOTHY FINNEGAN; INVESTIGATORS
TIMOTHY P. GOULD & JAMES WOLLMAN;
OTHER STATE POLICE EMPLOYEES, in their
official and individual capacities,

                      Defendants.

22-CV-6300 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

      Plaintiff Wanda J. Duryea, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 and under state law seeking unspecified damages. She sues: (1) the State of New York, (2) New York State Trooper Timothy Finnegan, (3) New York State Police Investigator Timothy P. Gould, (4) New York State Police Investigator James Wollman, and (5) "other State Police employees." She sues the individual defendants in their official and individual capacities.

      Plaintiff has filed an application for the Court to request *pro bono* counsel. (ECF 3.) By order dated July 28, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      For the reasons discussed below, the Court dismisses Plaintiff's claims against the State of New York and her claims against the individual defendants in their official capacities. The Court also dismisses Plaintiff's claims against the unidentified individual defendants, in their individual capacities, but without prejudice. The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. The Court directs service on Finnegan, Gould, and Wollman with respect to

Plaintiff's claims under Section 1983 and state law against those defendants, in their individual capacities.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     Claims under Section 1983 and state law against the State of New York and the individual defendants, in their official capacities**

The Court must dismiss Plaintiff's claims under Section 1983 and state law against the State of New York and her claims against the individual defendants, in their official capacities. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States from claims for money damages. *See Green v. Mansour*,

474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment therefore precludes Plaintiff's claims for damages under Section 1983 against the State of New York. The Eleventh Amendment also precludes Plaintiff's claims under Section 1983 for damages against the individual defendants, who are all New York State officials, in their official capacities. *See, e.g., Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities.").

Moreover, this Court lacks subject-matter jurisdiction to consider Plaintiff's claims for damages against the State of New York and against the individual defendants, in their official capacities, under state law; Plaintiff may only pursue such claims for damages in the New York Court of Claims. *Bertoldi v. State*, 275 A.D.2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions.").

Accordingly, the Court dismisses all of Plaintiff's claims against the State of New York and against the individual defendants, in their official capacities, under the doctrine of Eleventh Amendment immunity, and therefore, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim."

(internal quotation marks and citation omitted)); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.   Claims under Section 1983 against the unidentified individual defendants, in their individual capacities**

To state a claim under Section 1983 against an individual defendant in his or her individual capacity, a plaintiff must allege facts showing that individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts about the unidentified individual defendants. The Court therefore dismisses Plaintiff's claims under Section 1983 against those defendants, in their individual capacities, without prejudice to Plaintiff's seeking leave to file an amended complaint naming those defendants.

**C.     Plaintiff's application for the Court to request *pro bono* counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, her efforts to obtain a lawyer, and her ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's remaining claims, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application a later date.

**D.     Service on Finnegan, Gould, and Wollman**

This action will proceed against Finnegan, Gould, and Wollman as to Plaintiff's claims under Section 1983 and state law against them, in their individual capacities. Accordingly, service must be effected on those defendants.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

5

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Finnegan, Gould, and Wollman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those defendants.

If the complaint is not served on Finnegan, Gould, and Wollman within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Finnegan, Gould, and Wollman; (2) complete USM-285 forms with the service addresses of Defendants Finnegan, Gould, and Wollman; and (3) deliver all documents necessary to effect service of summonses and the complaint on Defendants Finnegan, Gould, and Wollman to the U.S. Marshals Service.

For the reasons discussed in this order, the Court dismisses all of Plaintiff's claims with the exception of Plaintiff's claims under Section 1983 and state law against Defendants Finnegan, Gould, and Wollman, in their individual capacities, and denies Plaintiff's application

for the Court to request *pro bono* counsel (ECF 3) without prejudice to Plaintiff's filing another such application at a later date.

The Clerk is directed to terminate the pending motion (ECF 3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 3, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Timothy Finnegan, New York State Trooper
   New York State Police
   Troop K, Zone 3
   295 Route 100
   Somers, New York 10589

2. Timothy P. Gould, New York State Police Investigator
   New York State Police
   Troop K, Zone 3
   295 Route 100
   Somers, New York 10589

3. James Wollman, New York State Police Investigator
   New York State Police
   Troop K, Zone 3
   295 Route 100
   Somers, New York 10589